UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRE ELLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 03-10054-PBS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**MEMORANDUM AND ORDER**

February 10, 2012

Saris, U.S.D.J.

Pro se petitioner Andre Ellis seeks to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that (1) he does not qualify for enhanced sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and (2) his counsel was ineffective for failing to fully litigate this issue. The motion to vacate is **DENIED**.

## I.   BACKGROUND

On March 20, 2003, petitioner was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and for using or carrying a firearm during the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 10.) On October 24, 2003, a jury

1

returned a guilty verdict on both counts. (Doc. No. 68.) This Court sentenced petitioner, under the ACCA, to 262 months on count 1 and 60 months on count 2, to be served consecutively.  On appeal, the First Circuit affirmed the conviction, but remanded the case for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005). (Doc. No. 104.)

On March 18, 2009 and March 23, 2009, this Court held a re-sentencing hearing at which, for the first time, petitioner raised the claim that his juvenile adjudication was not a proper ACCA predicate because it had been set aside by operation of Massachusetts law ("set aside claim").  See Mass. Gen. Laws Ch. 120, § 121. This Court rejected the argument.  See United States v. Ellis, 604 F. Supp. 2d 346 (D. Mass. 2009).  Because the First Circuit had remanded the case for re-sentencing, I addressed the claim under the mandate rule, which specifies three circumstances when this Court may examine a new issue outside the scope of the remand: (1) where there has been a dramatic change in controlling legal authority; (2) where there is significant new evidence not earlier obtainable in the exercise of due diligence; or (3) where there was a blatant error in the prior decision which would, if uncorrected, result in a serious injustice. See United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993).  Because only the third prong was applicable, this Court concluded that it was not "blatant error" to sentence petitioner under the ACCA.  Id. at

349.  In light of <u>Booker</u>, however, this Court did depart downward

to 180 months for count 1, bringing petitioner's new total

sentence to 240 months. (Doc. No. 132.)

Petitioner appealed again.  The sole issue on appeal was:

Whether the district court erred in sentencing Ellis as
an ACCA under 18 U.S.C. § 924(e), when one of the
predicate offenses for that sentence was a juvenile
delinquency adjudication that had been previously set
aside by operation of a Massachusetts statute, and
therefore was not a "crime punishable by imprisonment
for a term exceeding one year," as defined by 18 U.S.C.
§ 921(a)(20).

<u>See</u> Brief for Appellant, <u>United States v. Ellis</u>, No. 09-1485 (1st

Cir. Sept. 2, 2010).  The First Circuit affirmed the sentence,

finding that it was not blatant error for petitioner to be

sentenced under the ACCA.  <u>See United States v. Ellis</u>, 619 F.3d

72 (1st Cir. 2010).  In that opinion, the First Circuit affirmed

this Court's disposition of the set aside claim, stating:

Even if a juvenile adjudication is automatically "set
aside" upon discharge from control of the Department of
Youth Services, that adjudication is not set aside for
all purposes. In particular, the adjudication still may
be considered in any future criminal proceedings
against the individual. Given that state law provides
that juvenile adjudications are not "set aside" for the
purpose of imposing sentence in later criminal
proceedings against the individual, it is far from
clear that Massachusetts juvenile convictions should
never be treated as predicate offenses under the ACCA.
Accordingly, it was not blatant error for the
sentencing court to take Ellis' juvenile adjudication
into consideration for the purpose of applying the
ACCA.

<u>Ellis</u>, 619 F.3d at 74-75 (citations omitted).  However, it added,

"We do not purport to decide whether Massachusetts juvenile

adjudications for violent crimes should ever be treated as predicate offenses under the ACCA." Id.

On June 23, 2011, petitioner filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, again seeking review of his set aside claim. He also argued that the government never demonstrated that his juvenile adjudication for assault and battery with a dangerous weapon ("ABDW") was a violent felony under the ACCA. On August 16, 2011, petitioner filed a supplemental memorandum where he first raised the claim that counsel had been ineffective for failing to comprehensively litigate his set aside claim. Petitioner also filed two other supplemental memoranda, on August 30 and September 12, 2011, in support of his set aside claim.

## II. STANDARD OF REVIEW

Under § 2255, a defendant may seek post-conviction relief from his sentence in four instances: if the sentence "(1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962) (construing Section 2255)). The claimed error for which a party requests relief must be "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio,

442 U.S. 178, 185 (1979) (citing <u>Hill</u>, 368 U.S. at 428).

"Section 2255 is not a surrogate for a direct appeal."  <u>David</u>,

134 F.3d at 474.

### III. DISCUSSION

#### A. The Set Aside Claim

The government argues that petitioner's "set aside" claim

cannot be brought because virtually the same claim has already

been resolved on appeal.  While it is true that the First Circuit

has held that it was not blatantly wrong to sentence Ellis as an

armed career criminal, it did not address a claim of ineffective

assistance of counsel, which is adjudicated under a different

standard.  Further, although petitioner's set aside claim was

previously resolved on appeal, it could be re-litigated on a

motion for § 2255 relief if petitioner could demonstrate that

there has been an intervening change in the law with respect to

that issue.  See <u>Robson v. United States</u>, 526 F.2d 1145, 1147-48

(1st Cir. 1975).

In a supplemental memorandum[1] filed on August 16, 2011,

petitioner raised the claim that his counsel had been ineffective

for failing to thoroughly litigate his set aside claim.  Although

Petitioner did not raise an ineffective assistance of counsel

claim in his original § 2255 filing, the court will address it

---

[1] The government did not address any of the issues raised in the
multiple supplemental filings.

because pro se litigants are offered an extra degree of
solicitude in drafting their submissions.  See Rodi v. Ventetuolo,
941 F.2d 22, 23 (1st Cir. 1991).

    To succeed on an ineffective assistance of counsel claim,
the petitioner must establish that (1) "counsel's representation
fell below an objective standard of reasonableness," and (2)
"there exists a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have
been different."  United States v. De La Cruz, 514 F.3d 121, 140
(1st Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668,
688, 694 (1984)).  The review performed under the first prong is
highly deferential; a petitioner must show that "given the facts
known at the time, counsel's choice was so patently unreasonable
that no competent attorney would have made it."  Knight v.
Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (internal quotation marks
omitted).  The second prong of the Strickland test requires a
petitioner to demonstrate that, "but for counsel's unprofessional
error, there is a reasonable probability that the result of the
proceeding would have been different."  Sleeper v. Spencer, 510
F.3d 32, 39 (1st Cir. 2007).  An ineffective assistance of
counsel claim can be reviewed for the first time on a 2255
petition.  Knight v. United States, 37 F.3d 769, 774 (1st Cir.
1994).

Petitioner contends that counsel was ineffective for failing to present the following cases addressing whether prior convictions under various state laws counted as predicates under the ACCA during petitioner's re-sentencing hearing in March 2009: (1) United States v. Laskie, 258 F.3d 1047, 1051 (9th Cir. 2001)(addressing an "honorable discharge" under Nevada law); (2) Bell v. United States, 970 F.2d 428, 429-430 (8th Cir. 1992) (restoration of civil rights under Iowa law); (3) United States v. Walters, 359 F.3d 340, 344-347 (4th Cir. 2004)(concluding that a juvenile adjudication is not a conviction under Virginia law); (4) United States v. Marks, 379 F.3d 1114, 1116 (9th Cir. 2004) (holding that a Washington conviction served as a predicate regardless of any constitutional defect); (5) Johnson v. United States, 130 S.Ct 1265, 1270 (2010) (holding that a prior battery conviction under Florida law was not a violent felony under ACCA); and (6) United States v. Whitney, 2006 WL 2927531 at 2 (D. Mass. 2006) (August 11, 2006)(addressing whether juvenile records were privileged).  The only case (Walters) that addresses a prior juvenile adjudication involves Virginia juvenile law, which is different from Massachusetts law.  Indeed, the government points out that most of these cases were actually presented to the First Circuit.  Petitioner has not established that counsel was ineffective for not bringing these cases to the Court's attention

in the second appeal or that these cases would have made a

difference in the outcome of that appeal.

### B. Violent Felony

Petitioner argues that his juvenile adjudication for assault

and battery with a dangerous weapon (ABDW) is not a violent

felony under the ACCA.  Specifically, relying on United States v.

Holloway, 630 F.3d 252 (1st Cir. 2011), he argues that the

government was required to prove that the ABDW was committed

intentionally, not recklessly, in order for it to be considered a

predicate conviction.

The ACCA provides that a prior offense is a violent felony

if it is punishable by imprisonment for a term exceeding one year

and either:

> (i) has as an element the use, attempted use, or
> threatened use of physical force against the person of
> another; or
> (ii) is burglary, arson, or extortion, involves use of
> explosives, or otherwise involves conduct that presents
> a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  A sentencing court reviewing prior

offenses for inclusion under the ACCA takes a "categorical

approach," under which the Court must consider "whether the

offense of conviction, as legally defined, qualifies as a violent

felony under either of the ACCA's two clauses."  Holloway, 630

F.3d at 256.  The Court may "consider only the offense's legal

definition, forgoing any inquiry into how the defendant may have

committed the offense."  Id.

Here, petitioner has not previously raised the precise claim
that he now raises with respect to his juvenile adjudication for
ABDW.  Petitioner contends that he did raise this claim, both at
his initial sentencing in March of 2004 and at his re-sentencing
in March of 2009. (Pet. Brief 23.)  In March of 2004,
petitioner's counsel stated that she did not know all the
circumstances of the juvenile adjudication, and that it "might
have been [...] accidental."  (Tr. of Sent. at 16-17, Mar. 18,
2004, Doc. No. 102.)  However, at petitioner's original
sentencing, his counsel conceded that petitioner's status as an
ACCA was correct.

Petitioner also argues that, at his re-sentencing hearing in
March of 2009, he raised his current ACCA claim when he raised an
issue under Shepard v. United States, 544 U.S. 13 (2005).
However, his counsel said:

> THE COURT: I don't think there's any doubt that
> what he was adjudicated a delinquent for was a violent
> offense, even within --
> MS. FRIED: Well, that's right, it was an ABDW.
> THE COURT: Yes, that's by definition a violent
> offense. But that wasn't really the really big issue.
> It wasn't whether it was violent or not. It --
> MS. FRIED: Well, one had to do with whether there was
> documentation to prove that it existed...

(Tr. of Sent. at 5-6, Mar. 18, 2009.)  Therefore, petitioner did
not previously contest that ABDW convictions were categorically
considered violent felonies.

Petitioner argues that, after his re-sentencing, the First

Circuit's decision in <u>Holloway</u> created a new legal basis for his claim that had not previously been available to his counsel.  In <u>Holloway</u>, the First Circuit overruled <u>United States v. Mangos</u>, 134 F.3d 460, 464 (1st Cir. 1998), and held that, for convictions pertaining to the Massachusetts crime of simple assault and battery, language in a charging document stating that the defendant "did assault and beat" another individual is not sufficient to establish a violent felony because it encompasses the crime of reckless battery.[2]  <u>Holloway</u>, 630 F.3d at 262.

Prior to <u>Holloway</u>, the First Circuit had held that a conviction for ABDW is categorically considered a crime of violence.  <u>See</u> <u>United States v. Glover</u>, 558 F.3d 71, 79-82 (1st Cir. 2009) (holding that defendant's prior ABDW conviction in Massachusetts was a predicate crime of violence under the United States Sentencing Guidelines[3]); <u>United States v. Am</u>, 564 F.3d 25, 33-34 (1st Cir. 2009) (holding defendant's prior Massachusetts conviction for assault on another by means of a dangerous weapon, a knife, was a violent felony under the ACCA).  In the context of

---

[2] The Massachusetts simple assault and battery statute covers three offenses: harmful battery, offensive battery, and reckless battery. The Court in <u>Holloway</u> established that reckless batteries are categorically not violent felonies.  <u>Id.</u> at 262.

[3]Although <u>Glover</u> dealt with the term "crime of violence" in the Sentencing Guidelines, not the term "violent felony" in the ACCA, the language in both provisions is nearly identical, and the Court stated: "We have considered these residual clauses to be relatively interchangeable, and have treated interpretations of one as persuasive authority relative to the other." <u>Glover</u>, 558 F.3d at 80 n.3.

a § 2255 motion, one court has held that Holloway did not

overrule Glover and that ABDW convictions "would certainly" count

as predicate offenses under the ACCA.  Sanchez v. United States,

2011 WL 2293392, at *2 (D. Mass. 2011).

Petitioner argues that the analysis in Holloway regarding

convictions for reckless simple assault and battery should be

extended to convictions for ABDW.  The First Circuit, however,

has recently considered and rejected a similar argument when

confronted with a conviction for assault and battery on a police

officer.  See United States v. Dancy, 640 F.3d 455 (1st Cir.

2011).  In Dancy, the court stated that the mere fact that a

crime involving assault and battery can be committed recklessly

"is not dispositive" of its status as an ACCA predicate when the

crime involves "additional elements."  Id. at 467.

Although Dancy did not address whether ABDW is an ACCA

predicate, ABDW has the additional element of a dangerous weapon,

which creates the requisite degree of risk to bring it under the

ACCA's residual clause.  See Mass. Gen. Laws ch. 265, § 15A(b);

Sykes v. United States, 131 S.Ct. 2267, 2273 (2011)(stating that

to be a predicate under the ACCA's residual clause, a violent

felony "must be an offense that otherwise involves conduct that

presents a serious potential risk of physical injury to

another")(internal citations omitted).  Massachusetts law defines

a dangerous weapon as either "[an] instrumentalit[y] designed and

constructed to produce death or great bodily harm" or "[an] object, as used by the defendant, [that] is capable of producing serious bodily harm."  Commonwealth v. Tevlin, 433 Mass. 305, 310 (2001) (internal citations omitted).  Thus, the addition of a dangerous weapon clearly "presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).

Given the then-existing caselaw, counsel was not ineffective for not challenging whether convictions for ABDW qualify as violent felonies under the ACCA.  Moreover, the new caselaw would not lead to a different result under any standard.

## ORDER

For the reasons stated above, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 146.) is **DENIED**.

/s/PATTI B. SARIS

Patti B. Saris
United States District Judge